_____

No. 96-8089
_____

Richard Dennis Oxford,              *
                                    *
          Petitioner,               *  Petitioner's Motion to Authorize
                                    *  the Filing of a Successive
     v.                             *  Habeas Petition and for
                                    *  Stay of Execution of His
Michael Bowersox,                   *  Sentence of Death
                                    *
          Respondent.               *
_____

          Submitted:  June 10, 1996

            Filed:  June 11, 1996
_____

Before BOWMAN, HEANEY, and FAGG, Circuit Judges.
_____

BOWMAN, Circuit Judge.


     Petitioner Richard Dennis Oxford's execution is scheduled for 12:01 a.m. CDT on June 12, 1996.


     On June 7, 1996, the district court ruled on the merits of Oxford's second habeas petition and denied it.  That ruling, in which the district court found Oxford competent to be executed, has not been appealed.


     On June 10, 1996, Oxford filed with this Court a motion for an order authorizing him to file a third habeas petition in the district court pursuant to the Terrorism Prevention Act of 1996, Pub. L. No. 104-132, § 106, 1996 U.S.C.C.A.N. (110 Stat.) 1214, 1220-21 (to be codified at 28 U.S.C. § 2244).  In response, the state has suggested, for what clearly are purely tactical reasons, that this Court should grant Oxford's motion.  The state candidly acknowledges that Oxford's motion does not fulfill the legal standard established by § 2244(b)(3), which governs our authority

to authorize the filing of a second or successive habeas petition under 28 U.S.C. § 2254 (1994).

We agree with the state's assessment of our proper authority in matters of this kind. Oxford's motion does not meet the applicable legal standard. Accordingly, the motion is denied.

We hold not only that Oxford's motion must be denied under 28 U.S.C. § 2244(b)(3). We also hold that, under the law antedating the new statute, the proposed third habeas petition would be an abuse of the writ, because the change in the law (Missouri's repeal on January 1, 1996, of its former Rule 29.15) that, according to Oxford, is the basis for overturning the procedural bar to Oxford's claims found by this Court in Oxford v. Delo, 59 F.3d 741, 744-45 (8th Cir. 1995), cert. denied, 116 S. Ct. 1361 (1996), could have been raised in Oxford's recently concluded second habeas petition. Thus, the proposed third petition, if filed, would be subject to dismissal as an abusive petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991).

Oxford's motion to authorize the filing of his third habeas petition is denied. His motion for a stay of execution is denied.

Heaney, Circuit Judge, dissenting.

The government joined Richard Oxford in his request that we authorize the district court to consider his third petition for writ of habeas corpus. In light of the government's position, I would grant Oxford leave to file his petition in the district court. The majority, however, has decided to deny Oxford's application. Because Oxford raises valid claims of ineffective assistance of trial counsel that have never been addressed on the merits by any court, I dissent.

As I expressed in my original dissent in this case, Oxford's counsel was ineffective at the sentencing proceedings because he failed to present mitigating evidence as to why Oxford should not be sentenced to death. Oxford v. Delo, 59 F.3d 741, 749 (8th Cir. 1995), cert. denied, 116 S.Ct. 1361 (1996). The record contains overwhelming mitigating evidence of Oxford's troubled social, mental, and emotional history. At the sentencing phase, however, his trial counsel presented virtually no mitigating evidence to the jury. As I previously stated:

> "The jury is entitled to receive as much information as possible in order to make an informed decision as to punishment." State v. Leisure, 749 S.W.2d 366, 379 (Mo. 1988) (citations omitted), cert. denied, 113 S.Ct. 343 (1992). The concept of individualized sentencing in capital cases requires that the sentencer possess "the fullest information possible concerning the defendant's life and characteristics" as well as the circumstances of the particular offense. Lockett v. Ohio, 438 U.S. 586, 602-04 (1978) (internal quotations and citations omitted).

Id. Had Oxford's trial counsel presented the available mitigating evidence, I am convinced that no reasonable jury would have sentenced him to death.

The majority declined to consider the merits of Oxford's ineffective assistance claims because of a state procedural bar. Specifically, Oxford failed to verify his amended motion for post-conviction relief, as previously required under Rule 29.15 of the Missouri Rules of Criminal Procedure. Recent amendments to Rule 29.15, eliminate the verification requirement, thereby removing the only impediment to our review of Oxford's claims on their merits. Neither the law nor my conscience permits me to sign onto the majority's opinion. We should undertake this review promptly.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-